# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LA COMEDY FESTIVAL LLC,<br>916 N. Formosa Ave.<br>Los Angeles, CA 90046,<br><br>           Plaintiff,<br><br>    v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br>Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>           Defendants. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff LA Comedy Festival LLC ("LA Comedy Festival" or the "Company"), by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by

the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. LA Comedy Festival, a live theater venue in Los Angeles, California, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied LA Comedy Festival's initial application and its appeal.

4. Compounding the injury to LA Comedy Festival, the SBA granted the SVOG applications of direct competitors of the Company and awarded those businesses SVOG funds that they can use to compete with LA Comedy Festival.

5. The COVID-19 pandemic had a devastating impact on LA Comedy Festival, forcing it to cancel all of its performances between March 2020 and August 2021 and again between November 2021 and February 2022, lay off employees, drastically reduce the salaries of others, and forego hiring contractors to whom the Company ordinarily would have given work. LA Comedy Festival needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live arts venues like LA Comedy Festival recover from the major setbacks they experienced because of the pandemic.

6. Further, SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though LA Comedy Festival demonstrated that it is an eligible live venue operator, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of LA Comedy Festival's application.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

8. Venue lies in this district under 28 U.S.C. § 1391(e)(1).

9. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiff LA Comedy Festival LLC, operates three live theater spaces under one roof in Los Angeles, California. Founded in 2012, LA Comedy Festival's theaters host live performances of plays, musicals, and live comedy shows, including productions that are part of live theater festivals like the Hollywood Fringe Festival, and occasionally screens films. Prior to the pandemic, LA Comedy Festival was one of the most well-attended theater venues in Los Angeles for live performances.

11. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build, and grow businesses.

12. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A.     Shuttered Venue Operators Grant Program**

13. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues and entities impacted by shuttered venues. Pub. L. No. 116-260 § 324. The

American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards.  Pub. L. No. 117-2 § 5005(a).

14. SVOG awards may be used for specified business expenses, including payroll, rent, and utility payments that are incurred between March 1, 2020, and December 31, 2021.  15 U.S.C. § 9009a(d)(1)(A)(i).

15. An eligible entity may receive a SVOG award in an amount equal to 45% of its gross earned revenue in 2019.  15 U.S.C. § 9009a(c).

16. Eligible businesses with 2021 first quarter revenues of no more than 30% of their 2019 first quarter revenues are eligible for supplemental grants in the amount of 50% of the original award amount, up to a maximum combined initial and supplemental SVOG award amount of $10 million.  15 U.S.C. § 9009a(b)(3)(A); SBA, *SBA Opens Supplemental Grant Applications for Shuttered Venue Operators Grant Awardees* (Aug. 27, 2021), https://www.sba.gov/article/2021/aug/27/sba-opens-supplemental-grant-applications-shuttered-venue-operators-grant-awardees.  Supplemental awards can be used for costs incurred through June 30, 2022.  15 U.S.C. § 9009a(d)(1)(A)(i).

17. Eligible entities under the Act include live venue operators, as well as live venue promoters, live performing arts organization operators, theatrical producers, museum operators, motion picture theater operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

18. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen.  15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity

ineligible, including, *inter alia*, issuance of securities on a national securities exchange, and presenting live performances of a prurient sexual nature. *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

19.     The Act defines live venue operator to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70% of revenue is generated through ticket sales or event beverages, food, or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

20.     The Act specifies that for a live venue operator (as well as a live venue promoter, live venue operator, or theatrical producer), it must have additional characteristics. It must promote events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B.     LA Comedy Festival's SVOG Application and the SBA's Denial**

21.     On April 28, 2021, LA Comedy Festival applied for a SVOG award of $161,224.79 as a motion picture theater operator because at that time during the pandemic it appeared that screening films would be the Company's principal business activity for the near future.

22.     In its application, LA Comedy Festival demonstrated that it satisfied the criteria for eligibility as a motion picture theater operator and a live venue operator. It also submitted certifications of eligibility required by the SBA's guidance on SVOG applications.

23. In August 2021, LA Comedy Festival learned from the SBA's SVOG portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found LA Comedy Festival ineligible.

24. On September 6, 2021, LA Comedy Festival submitted an administrative appeal of the denial to the SBA and changed its eligibility category to live venue operator, as permitted by the SBA's procedures. Because the denial included no explanation, the Company's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue operator. LA Comedy Festival explained in detail and with supporting documentation how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue operator.

25. The documents LA Comedy Festival submitted to the SBA include: a list of performances at the venue and ticket prices, floorplans, and photographs of the venue showing stages, audience seating, technical booths for sound and lighting, sound equipment and lighting grids; contractor payment records for sound and light operators, box office manager, lighting designer, technical director, and stage manager; print and online marketing materials; income statements; federal tax returns; and a letter of support from the Hollywood Fringe Festival explaining that LA Comedy is a vital live theater venue in the Hollywood performing arts community.

26. On November 9, 2021, the SBA notified LA Comedy Festival by email that its appeal was denied. The email listed a standard set of the reasons an appeal could be denied, and stated that LA Comedy Festival's appeal was declined "at least in part" based on reason 10. Reason 10 is listed as "Did not meet the principal business activity standard for the entity type under which applied." The email then provided a boilerplate statement:

Please note the list provided in this email may not be a comprehensive list of reasons for your decline. To receive additional information as to why your SVOG application was declined, please complete this form (direct link: https://forms.office.com/g/B7DeKGgF1z). The SBA will aim to provide this more specific detail on appeal declines once the SVOG initial application reviews are complete.

27. LA Comedy Festival filled out the form referenced in the boilerplate email, but to date has not received any response or any additional information about why its SVOG application was denied.

28. The SBA's November 9, 2021 denial of LA Comedy Festival's appeal is the agency's final decision.

29. The SBA has approved the SVOG applications of live theater venues in Los Angeles that employ the same business model as LA Comedy Festival and operate as direct competitors of the Company: Hudson Theatres; The Complex Hollywood; and Thymele Arts LLC.

## CLAIMS FOR RELIEF

30. The courts recognize a strong presumption favoring judicial review of administrative action.

31. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

32. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

33. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

34. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I—ARBITRARY AND CAPRICIOUS AGENCY ACTION

35. LA Comedy Festival realleges and incorporates by reference each of the preceding paragraphs and allegations.

36. A basic requirement of administrative law is that an agency provide the reasons for its decisions. However, the SBA gave no reason for denying LA Comedy Festival's application, and provided only a conclusory decision that does not explain the agency's reasoning when it denied LA Comedy Festival's appeal.

37. The SBA further erred by treating LA Comedy Festival disparately from similarly situated direct competitors that were granted SVOG awards. Specifically, the SBA approved the SVOG applications of live theater venues with the same business model as LA Comedy Festival: Hudson Theatres; The Complex Hollywood; and Thymele Arts LLC.

38. The SBA's decision on LA Comedy Festival's SVOG application also conflicts with the evidence the Company presented of its eligibility for a SVOG award as a live venue operator.

39. For all of these reasons, the SBA's denial of LA Comedy Festival's SVOG award request is arbitrary and capricious.

## COUNT II—AGENCY ACTION CONTRARY TO LAW

40. LA Comedy Festival realleges and incorporates by reference each of the preceding paragraphs and allegations.

41. LA Comedy Festival meets the Act's definition of live venue operator and satisfies the Act's general eligibility criteria for a SVOG award.

42. The SBA's denial of LA Comedy Festival's SVOG award request therefore violated the Act and is contrary to law.

8

**COUNT III—AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

43. LA Comedy Festival realleges and incorporates by reference each of the preceding paragraphs and allegations.

44. The SBA's denial of LA Comedy Festival's SVOG award request is supported by no evidence in the record, let alone substantial evidence. LA Comedy Festival's application and appeal presented evidence that demonstrates LA Comedy Festival is eligible for a SVOG award.

45. The SBA's denial of LA Comedy Festival's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, LA Comedy Festival respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of LA Comedy Festival's SVOG award request.

2. Preliminarily and permanently order Defendants to consider LA Comedy Festival's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award LA Comedy Festival $161,224.79 in SVOG funds.

4. Preliminarily and permanently order Defendants to grant LA Comedy Festival a supplemental SVOG award of $80,612.39.

5. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial and supplemental grant awards.

6. Award Plaintiff its costs and reasonable attorney fees; and

9

      7.      Grant such other and further relief as the Court deems just and proper.

Dated: April 4, 2022

Respectfully submitted,

/s/ Caroline L. Wolverton

_____

Angela B. Styles
D.C. Bar No. 448397
Caroline L. Wolverton
D.C. Bar No. 496433
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4000

*Counsel for Plaintiff LA Comedy Festival LLC*